## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE LEE** | * | **CIVIL ACTION NO.: 18-2887** |
|     Plaintiff | * | |
| | * | **SECTION "J"** |
| **VERSUS** | * | |
| | * | **JUDGE: CARL J. BARBIER** |
| **DEUTSCHE BANK NATIONAL TRUST** | * | |
| **COMPANY, AS TRUSTEE FOR LONG** | * | **MAG. 1** |
| **BEACH MORTGAGE LOAN TRUST 2005-** | * | |
| **WL1, JPMORGAN CHASE BANK, N.A.,** | * | **MAGISTRATE JUDGE:** |
| **BARRY GRODSKY AND CHERI COTOGNO** | * | |
| **GRODSKY, WIFE, BMRC PROPERTIES,** | * | **JANIS VAN MEERVELD** |
| **LLC, BRIAN MAHON and DOES 1-100** | * | |
| **INCLUSIVE et al.** | * | |
|     Defendants. | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT,**

Jessie Lee ("Lee") filed a pleading entitled Complaint for: Fraud Upon the Court, Lack of Standing to Foreclosure Due to Fraud Upon the Court, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contracts, Breach of Contract, Breach of Fiduciary Duty, Quiet Title, Slander of (the "Complaint") in which JPMorgan Chase Bank, N.A. ("Chase") was named as a defendant.  The record reflects that Lee sent the pleading to Jamie Dimon on behalf of Chase by certified mail.  This simply is not valid service and the case should be dismissed as to Chase due to insufficient service.  As no service has been made, the Court lacks personal jurisdiction over Chase and the case must be dismissed as to Chase pursuant to Rules 12(b)(2) and (5).

1

Chase must be served under Rule (4)(h)(1) for service to be proper. This allows for service to be accomplished in one of two ways.

First, service must be made pursuant to Rule 4(e)(1) which allows service to be perfected under state law. Sending a certified letter to Jamie Dimon, irrespective of his relationship to Chase, does not satisfy state law service. The applicable state law is the Louisiana Banking Law LSA-R.S. 6:2(1) and (11).

As such, Chase could be served under the rules for service in the Louisiana Banking Laws. Initially, if the bank has elected the option of designating a corporate agent for service of process, service shall be made on that agent. LSA-R.S. 6:285C(2). This mandatory requirement for service on an agent applies at any time a corporate representative is designated. Other service options are allowable but only if this designation has not been made. Chase has indeed selected a corporate designee. This information is public and Lee can ascertain it.

State law has not been followed and therefore as no proper service has been made Lee has not satisfied the first option by which Chase could be served.

The second basis for service requires the summons and the complaint to be <u>delivered</u> to the proper agent. Rule 4(h)(1)(B). The key is delivery. It is undisputed that the pleading was sent to Jamie Dimon as the Chase representative by certified mail and that it was not personally given to him. This exact issue has been addressed in several decisions which have consistently held that this rule "clearly requires personal delivery and does not recognize delivery by certified mail." <u>Lee v. Genuardi's Family Markets, LP</u>, 2010 WL 2869454 (D. N.J. 2010); <u>Mettle v. First Union National Bank</u>, 279 F. Supp. 2d (D. N.J. 2003); <u>Federal Insurance Company v. RT&T Logistics, Inc.</u>, 2017 WL 2691416 (D. N.J. 2017). The court in <u>Dyer v. Wal-mart Stores, Inc.</u>, 318 Fed. App. 843,844 (11th Cir. 2009) held that dismissal for failure to perfect service where

plaintiff sent a copy of the summons and complaint to defendant's registered agent by certified mail was proper.

In *Abreu v. Alutiiq-Mele, LLC*, 2011 WL 13113787 (D. S.D. Fla. 2011) the court held that service was improper when the summons and complaint were sent by certified mail and as service was improper the court lacked personal jurisdiction over the defendant and an order was granted on defendant's motion to dismiss.  See also: *In re: Worldwide Web Sys. Inc.*, 328 F.3d 129 (11th Cir. 2003).

Lee had two opportunities to properly servce Chase; he failed as to both.  Without proper service there is no personal jurisdiction and the action as to Chase must be dismissed under Rule 12(b)(2) and (5).

        Respectfully submitted,

        **TAGGART MORTON, L.L.C.**

        *s/ Barry Grodsky*

        Barry H. Grodsky, La. Bar No. 1388
        1100 Poydras Street, Suite 2100
        New Orleans, LA 70163
        Telephone:	(504) 599-8500
        Facsimile:	(504) 599-8501

        **Attorneys for JPMorgan Chase Bank, N.A.**