U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JUN 15 2018
WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE LEE, <br> Plaintiff, <br> vs. <br> DEUTSCHE BANK NATIONAL TRUST COMPANY (As Trustee for Long Beach Mortgage Loan Trust 2005-WL1); <br> JPMorgan Chase Bank, N,.A; <br> Barry Grodsky, <br> Cheri Cotogno Grodsky, <br> BMRC Properties, LLC; <br> Brian Mahon, <br> Does 1-100, <br> Defendants | CIVIL ACTION <br> FILE NO: 2:18-cv-02887-CJB-JVM <br><br> HONORABLE JUDGE: <br> CARL BARBIER <br><br> MAGISTRATE JUDGE: <br> JANIS VAN MEERVELD <br><br> SECTION "J" |

**OPPOSITION TO DEFENDANTS DEUTCHE BANK, BARRY GRODSKY AND CHERI COTOGNO GRODSKY'S RESPONSIVE PLEADINGS**

COMES NOW, Plaintiff, Jessie Lee, ("Plaintiff", or "Mr. Lee"), who respectfully files his *Opposition to Defendants Deutche Bank, Barry Grodsky and Cheri Cotogno Grodsky's Responsive Pleadings.* Filed contemporaneously herewith, Plaintiff files Motion and Memorandum of Law in Support of Motion for Extension of Time to File Jury Trial Demand.

___ Fee_____
___ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No._____

Plaintiff opposes the responsive pleadings of Deutche Bank, Barry Grodsky and Cheri Cotogno Grodsky ("The Grodskys"), as follows:

The very first thing the Grodskys allege is 1. The Complaint fails to state a claim upon which relief can be granted [Doc.27,p.1], which is not true. At the most, the Court might require that Plaintiff replead the complaint, but Plaintiff can show that 1) there is a forged Promissory Note; 2) there has never been a hearing prior to eviction, and eviction paperwork was not signed by a Judge; and 3) Plaintiff and his tenants was evicted from his property only after a sheriff or deputy had received $12,000.

Plaintiff stands ready, willing, and able to amend the complaint, should the Court agree that there has not been a claim for relief pled. Going by defendants' responses, Plaintiff cannot tell, whether or not is necessary to re-plead the complaint.

The Defendants next begin the allegations about this Court lacking jurisdiction over the claims alleged in Plaintiff's Complaint: "This Honorable Court lacks subject matter jurisdiction based on the allegations raised" [Doc.27,p.1].

The Defendants state "3. Grodsky denies the allegations of Paragraph 1. Further, there is absolutely no supplemental jurisdiction which would allow this matter to proceed in this court. Barry Grodsky, being an attorney owes the duty of candor to the Court, and to begin, in their responsive pleadings, to make false statements, is questionable at best. Grodsky, representing Deutche Bank, himself and his wife, knows that Plaintiff has sufficiently pleaded this Court's jurisdiction, and that this Court, does in fact, have supplemental jurisdiction.

The statement about lack of supplemental jurisdiction is made in response to the following ¶¶ of the Complaint: 1, 2, 3, 62, 64, 74, 82, 90, 95, 101, 108, 116, 127. The Defendants totally Denied ¶¶ 4-6; 8-47; 50-130. There are several paragraphs that some extra verbiage was added to the denial, but mostly it just stated: Defendant denies the allegations of Paragraph...".

Defendants assertions in ¶5 [Doc.27,p2], "There is no diversity jurisdiction..." Plaintiff did not cite to 28 U.S.C. 1332 Diversity jurisdiction. Plaintiff does not know where Defendant got the idea from, but what Plaintiff claimed was: 28 U.S.C. §§ 1331, 1367(a), 1345, and other codes, but not 1332 [Doc.1,p.1].

Grodskys ¶ 9 "Grodsky admits...only that Grodsky is a national bank"? Plaintiff said nothing about Grodsky being a national bank.

Defendant denies ¶ 24? Complaint ¶ 24 "Plaintiff's letter to Sheriff Guzman on April...states, ..." Plaintiff copy/pasted the letter into the complaint. Plaintiff clearly cannot see what Defendant is denying, the denial makes no sense.

Defendant ¶ 64, stated: "To the extent any timely remedies could be available these can only be pursued in state court as this court does not have jurisdiction to grant the relief Lee is seeking" [Doc.27,p.5]. Plaintiff tends to believe that Defendant does not have much faith in the federal courts, and believes this court has jurisdiction over absolutely nothing. Defendant ¶¶ 66 (comp.64), 76 (comp.74), 84 (comp.82), 92 (comp.90), etc. all said the same thing "cause of action is based solely and exclusively on state law and this court has no jurisdiction over his claim".

## NOTICE OF NEW EVENTS AND ADDITIONAL CRIMES

The Plaintiff would like to bring to this court's attention the following new actions taking place by the Defendants. In March 2018, the Plaintiff asked of this court, for a TRO against the Defendants and protection from this court, which was denied. Subsequently, the lower state court issued an Order for the above-mentioned Defendants, to Show Cause why the Defendant's Motion should not be granted, which included several alleged crimes committed by the Defendants. That hearing is scheduled to take place on July 6, 2018. The Order to Show Cause was issued to the Defendants and the Sheriff's Department on May 29, 2018. The very next day, on May 30, 2018, while this federal case was being heard and the lower state court Order to Show Cause was in effect, the Defendants and Barry Grodsky, the President of the Louisiana Bar Association, had the Sheriff and three Deputies, come to the Plaintiff's house and put the Plaintiff and all his belongings out onto the street, along with three tenants and their belongings. The Sheriff did this with a Writ of Possession and claimed he had authority with that Writ of Possession, to put everyone out of the Plaintiff's property at that time. The Sheriff was told, by this Plaintiff, that there were three criminal complaint letters filed at the Sheriff's Office against the Defendants and he was given a copy of a letter addressed to the Sheriff. Additionally, the Sheriff was handed a copy of a signed Order, for the Defendants to appear in the lower state court and show cause, as to why this Plaintiff's Motion should not be granted. At which time, the Sheriff informed this Plaintiff, that the criminal charges that were filed against the Defendant is handled by the Sheriff's Criminal Division. That he was with the Sheriff's Civil Division and that it is the Sheriff's Civil Division that is taking possession of this

property and putting everyone out at this time. The Sheriff was informed by this Plaintiff that he could not put everyone out of this property and that is was against federal and state law to do so. As Louisiana state law states that once the Sheriff has a Writ of Possession, an eviction hearing must take place, in order for the Sheriff to take physical possession of the property. In Louisiana, the new owners must file for an eviction hearing against the tenants or the occupants of the foreclosed property. They must file for a Notice of Possession, which is the actual eviction law suit and obtain a Judgement which the court would then issue a Warrant of Possession, which gives the Sheriff the authority to remove the occupants and take physical possession of the property. By Federal Law, a tenant that is part of a foreclosed property cannot be put out for 90 days. This was told to the Sheriff and his Deputies, who then called in to the Sheriff's Office and acknowledged the state court Order to Show Cause and acknowledged the three criminal complaints against the Defendants, filed with the Sheriff's Office and were told to put them out anyway. Which they did.

All the above stated, happened on May 30, 2018, by the Sheriff claiming authority through documents held in his hand that were not even signed. The Sheriff's Department pretended to have authority, through documents that were not signed. There was no Notice of Possession, no Warrant of Possession, no eviction hearing held and no signed eviction court order. This act of treason, by the Sheriff's Office, is a blatant Constitutional violation of the 5th and 14th amendments of the U.S. Constitution. It is not just a violation of the taking clause against Jessie Lee, it is a violation of the Sheriff's solemn sworn Oath of

Office, an agregious act against the American People and a serious misuse and abuse of power.

The Sheriff and his Office was paid over $12,000.00, by the Defendant, to participate in this criminal act, which amounts to a bribe. This court should be furious of these criminal acts that are continuously taking place under its authority and needs to act expeditiously. Because of these outrageous actions, against Jessie Lee and the People of America, the Plaintiff wishes the court, not only to issue a TRO against the stolen property, which the Defendants are now trying to quickly sell, but to also grant the Plaintiff an extension of time, to amend and enlarge the law suit to include the Sheriff's Department, the Louisiana Bar Association, the moving companies and the Deputies, in their personal capacity, for violating their Oath of Office and the U.S. Constitution and committing crimes against Jessie Lee and the People of America.

This Plaintiff will also be seeking a TRO and a freezing of all Federal Funding to the Sheriff's Department. The American Taxpayers should not have to pay for a Sheriff's Department that refuses to protect the People and refuses to investigate reported crimes, but instead accepts bribes and participates in crimes against the American People.

It is this Plaintiff's opinion and belief that the Louisiana Bar's President, Barry Grodsky, has committed crimes that he is now trying to cover up. He used a fraudulent Note, that was signed by Jess Almanza, as Vice President of Long Beach Mortgage Company. Jess Almanza, according to his resume and court recorded depositions, of the use of electronic signatures, shows that Jess Almanza never worked for Long Beach

Mortgage Company. That means that the blank endorsement of Jess Almanza, on the Plaintiff's Promissory Note, used in the courts to steal his property, is without any authority and a forgery. The use of forged and counterfeit documents are federal crimes that are felonies. It is mandatory to investigate all felonies that are reported to any official, in accordance with U.S. Code, Title 18, Section 4. The investigation is not optional, it is mandatory, according to the law.

This Plaintiff objects to the Defendant's attempt to cover up their alleged crimes, by stating that they have not been properly served, by U.S. Postal Certified mail. Any Louisiana Citizen over the age of 18, other than the Plaintiff, can serve the Defendants. The Postal worker that delivered the Complaint and Summons, to the Defendants, is a Louisiana Citizen and over the age of 18. He acquired the Defendant's signatures as proof of service. The occupation of the private individual that does service is irrelevant. All parties have been served and have acknowledged that they have received service by way of requesting an extension from the court to answer the Complaint, which was granted. By answering the Complaint, they have accepted service. Nowhere in the Louisiana statutes or laws, does it state specifically that a Louisiana Citizen, over the age of 18, cannot deliver and serve a Louisiana resident, because of his occupation as a Postal worker. As the U.S. Post Office is the original Process Server.

J.P. Morgan Chase was properly served by U.S. Postal mail. The Green return postal card is stamped received by GBDS Mail Services, which is the corporate receiving mail service that is responsible for delivering the mail to the proper departments, of J.P.

Morgan Chase. Upon receipt of the Complaint and Summons, on April 9, 2018, J.P. Morgan Chase sent this Plaintiff a letter stating they will respond by May 25, 2018, in which they failed to do so and are now currently in Default. This Plaintiff asks of this court for a second time, to do the right thing and issue a Default against J.P. Morgan Chase, for failure to answer, plead or otherwise defend. Plaintiff objects to Grodsky's Motion to Dismiss J.P. Morgan Chase for lack of service and their request to dismiss should be denied.

The Plaintiff further objects to the President of the Louisiana Bar Barry Grodsky's attempt to distract attention away from the alleged crimes of forgery, fraud, counterfeiting and property theft. The U.S. Supreme court stated that substance overrules technicalities and procedures. The substance here is the crimes that were committed against the Plaintiff and the theft of his property, by way of conspiracy and RICO racketeering.

According to the U.S. Supreme court, if you are representing yourself, your case cannot be dismissed for failure to state a claim upon which relief can be granted. *Haines v Kerner, No. 70-5025, 404 U.S. 519 (1972)*.

Additionally, the U.S. Supreme court ruled that a court errs, if the court dismisses a pro se litigant's case without instruction, of how pleadings are deficient and how to repair the pleadings. *B.Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991)*

## MEMORANDUM OF LAW

*ELKINS v. UNITED STATES*, 364 U.S. 206 (1960) 364 U.S. 206?? No. 126. Argued March 28-29, 1960.  Decided June 27, 1960.

"In a government of laws," said Mr. Justice Brandeis, "existence of the government will be imperiled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. <u>If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy.</u>" *277 U.S., at 485* . (Dissenting opinion.)

## CONCLUSION

Plaintiff claims that the evasive nature of the Answers filed by Duetche Bank and Grodsky, who is acting as an attorney for his wife, and as a defendant, has not really put Plaintiff on notice of the grounds of Defendants' intentions of a defense.

Due to defendants' attempts to confuse the Plaintiff and the Court, continually claiming that this Court lacks all jurisdiction in hopes to get the case dismissed on those grounds, Plaintiff contends that his complaint clearly shows the Court's jurisdiction is proper, and that the Court will strike each ¶ in which the defendants claim the court lacks jurisdiction, as attempting to cause prejudice and ridicule upon the Plaintiff. Plaintiff really believes that the whole document should be stricken, as made in bad faith, evasive, and it does not put Plaintiff on notice of any legitimate defenses, but the responses about this court's jurisdiction should definitely be stricken.

J.P. Morgan Chase' request for Dismissal, because of lack of service, should be Denied.

The Plaintiff's request, for a non-responsive default against J.P. Morgan Chase, should be Granted.

The Plaintiff's request for a Trial by a Constitutional Jury, should be Granted.

The Defendants each should be made to pay the Plaintiff $700,000.00 dollars in damages and penalties, for the theft and armed robbery of his property.

The Plaintiff's request, for a TRO should be Granted, along with any other Relief the court may deem necessary.

Respectfully submitted, this 15th day of June, 2018,

By: *Jessie Lee*    June 15, 2018  
Jessie Lee, Plaintiff  
2315 Republic St.  
New Orleans, LA  70119  
ct2sctjl17@juno.com  
(904) 514-7346

## CERTIFICATE OF SERVICE

I hereby Certify, that I have, this 15th day of June 2018, served a copy of ***Opposition to Defendants Deutche Bank, Barry Grodsky and Cheri Cotogno Grodsky's Responsive Pleadings***, upon defendants, through their attorneys on file, by causing to be deposited with USPS, First Class Mail, postage prepaid and addressed as follows:

Barry H. Grodsky
TAGGART MORTON, LLC
1100 Poydras St., Ste 2100
New Orleans, LA  70163-2100

Mark Christopher Landry
Newman, Mathis,
Brady & Spedale, PLC
433 Metairie Rd., Ste. 600
Metairie, LA  70005

Deutsche Bank Trust Company
Attention: Lynne Malina, (Legal Department)
60 Wall Street, 37th Floor
New York, NY 10005

Cheri Cotogno Grodsky
1541 Octavia Street
New Orleans, LA  70115

*Jessie Lee*  June 15, 2018
Jessie Lee, Plaintiff
2315 Republic St.
New Orleans, LA  70119
ct2sctjl17@juno.com
(904) 514-7346