UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE LEE | CASE NO. 18-2887, SECT. J, MAG. 1 |
| VERSUS | JUDGE CARL J. BARBIER |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al. | MAG. JUDGE JANIS VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CLAIM,
AND FOR FRIVOLOUS ATTEMPT TO HOLD
LOUISIANA EXECUTORY PROCESS UNCONSTITUTIONAL AND
ALTERNATIVE MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS**

**MAY IT PLEASE THE COURT:**

Defendants, Graham, Arceneaux & Allen, LLC, Stacy C. Wheat, and Fred J. Daigle (collectively hereinafter referred to as "GAA"), pursuant to Federal Rule 12 of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B), respectfully submits this Memorandum in Support of their Motion to Dismiss. For the reasons set forth herein, the Motion to Dismiss should be granted and the Plaintiff's claims dismissed, at his costs.

In the alternative, GAA submits that the Amended Complaint should be dismissed for insufficient service of process.

**INTRODUCTION**

This suit arises out of a Petition for Executory Process filed in the Civil District Court for the Parish of Orleans entitled *Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 v. Jessie Lee,* No. 2014-12347 (hereinafter referred to as "Foreclosure Proceeding"). The captioned suit for executory process was filed in 2014 by GAA on behalf of its client, Deutsche Bank National Trust Company as Trustee for Long Beach

Mortgage Loan Trust 2005-WL1 ("Deutsche Bank"), to foreclose on a debt incurred by Jessie Lee on March 24, 2005.[1] Because the promissory note attached to the petition contained a confession of judgment clause, an Order authorizing the executory process was signed by the trial court on December 29, 2014.[2] On January 22, 2015, Lee filed an "Emergency Motion to Vacate Writ from Executory Process, Cancel Sale and Affidavit."[3] In this Motion, Lee complained of several purported irregularities which, he alleged, invalidated Deutsche Bank's right to foreclose on the note and mortgage and consisted fraud and criminal acts.[4] Unpersuaded by Lee, on May 20, 2016, the trial court denied his request for an injunction and denied his request to cancel the Order of Writ of Seizure and Foreclosure Sale.[5] The sheriff's sale was held on January 25, 2018, and completed when the mortgaged property was sold to a third-party bidder.

On March 19, 2018, after the foreclosure was finalized, Lee filed this Complaint against the third-party purchaser of the foreclosed-upon property, Deutsche Bank, Deutsche Bank's litigation attorney in the Foreclosure Proceeding, Barry Grodsky, and his wife, Cheri Grodsky.

Subsequently, Lee amended his Complaint to assert claims against the law firm GAA and two of its attorneys, Stacy C. Wheat and Fred J. Daigle.[6] In his Amended Complaint, Lee raises the following vague fraud allegations against GAA:

> Defendant, Graham, Arceneaux and Allen, LLC., is believed by this Plaintiff, to be a Foreclosure Mill. Like the Law firms of Marshall C. Watson and David Stern of Florida, in both law firms, attorneys were Disbarred by the Florida State Supreme court, shut down and fined over $2,000,000.00, for the use of manufactured and fraudulent paperwork in state foreclosures. Graham, Arceneaux and Allen, LLC.,

---

[1] Exhibit A, Reasons for Judgment, "The debt is evidenced by a promissory note and secured by a mortgage on real property located at 904 N. Rendon Street, New Orleans, Louisiana, which note and mortgage were signed by Mr. Lee on March 24, 2005. ([Deutsche Bank] and Mr. Lee entered into a Loan Modification Agreement on December 8, 2010, which reduced the interest rate and monthly payment amounts, but the enforcement provisions remained essentially the same.)"
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] Exhibit B, Judgment dated May 20, 2016.
[6] Stacy C. Wheat and Fred J. Daigle have not been served to date.

>filed the initial foreclosure against the plaintiff in 2014. They represented Deutsche Bank, who as of 3/19/2012, had no interest in the Plaintiff's property. They disappeared from the case, when the lower state court ordered them to show cause, why the case should not be dismissed, due to fraud and lack of subject matter jurisdiction. They just did not appear at the hearing. The Plaintiff, as pro se, asked the state court for a default on the court order to show cause and the Judge denied it and refused to give a reason. After being gone for 3 years, but never withdrawing from the case, they made an appearance in the case, trying to set another foreclosure sale date. So at this time the Plaintiff has, two different law firms and attorneys, both claiming to represent Deutsche Bank, in the same foreclosure, with the same fraudulent paperwork. Both law firms refused to show proof that they represented Deutsche Bank.[7]

As to Stacy C. Wheat and Fred J. Daigle, Lee alleges that they "committed fraud upon the court" by filing "fraudulent documents into the registry of the court and aided and abetted in the foreclosure and illegal eviction of Jessie Lee."[8]

In addition to his vague allegations of fraud, Lee seeks a judgment "Declaring the Louisiana Executory Process and Future Confession Unconstitutional."[9] Against all Defendants, Lee asks for compensatory and punitive damages against all defendants "in any amount in excess of $10,000,000.00, plus court costs, counsel fees and such other relief as this Honorable Court deems appropriate. Plaintiff has been wrongfully foreclosed upon and wrongfully evicted with his belonging thrown into the street."[10]

Lee's Complaint and Amended Complaint should be dismissed for various reasons. First, this Court lacks subject matter jurisdiction to hear Lee's claims against GAA or any other private entities and/or individuals named as Defendants. Second, Lee's attempt to hold Louisiana's foreclosure proceeding unconstitutional is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Third, according to Louisiana and federal law, Lee fails to state a claim against

---

[7] Rec. Doc. No. 47, at pp. 11-12.
[8] *Id.,* at p. 14.
[9] *Id.,* at p. 32.
[10] *Id.,* at p. 28

GAA. Fourth, this suit is an improper collateral attack of a state court foreclosure judgment, and should be dismissed pursuant to the *Rooker-Feldman* doctrine. Finally, because no proper service has been made on GAA, Lee's claims against it must be dismissed.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and, therefore, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Thus, a federal court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Id.,* at 151. The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). In fact, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir. 1984)).

28 U.S.C. § 1331 provides that the district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citation omitted). Federal jurisdiction is properly invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corporation,* 546 U.S. 500, 126 S.Ct. 1235 (2006).

Lee asserts federal-question jurisdiction under 28 U.S.C. § 1331, specifically under 42 U.S.C. § 1983.[11] However, to state a claim under Section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria v. Larpenter,* 369 F.3d 475, 482 (5th Cir. 2004). Here, there is no evidence and not even an allegation that GAA acted under color of state law.

Additionally, diversity jurisdiction under 28 U.S.C. § 1332 is not apparent from the face of Lee's Complaint. Specifically, Lee has failed to state whether the private entities or individuals are citizens of Louisiana or citizens of another state. Accordingly, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

## MOTION TO DISMISS FRIVOLOUS ATTEMPT TO HOLD LOUISIANA'S EXECUTORY PROCESS UNCONSTITUTIONAL

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should the Court determine that it is frivolous. Section 1915(e)(2)(B) provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(Emphasis added). In plain language, Section 1915 mandates dismissal if the Court is satisfied that the case fails to state a claim upon which relief may be granted. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

---

[11] Rec. Doc. No. 47, at p. 2.

Here, Lee seeks a judgment from this Court declaring Louisiana's executory process unconstitutional. However, the Louisiana Supreme Court has expressly upheld the constitutionality of the executory process. *Buckner v. Carmack,* 272 So.2d 326 (La. 1973). And, the Plaintiff has failed to allege any facts showing misapplication of the executory proceeding against him. *See Bank of New York Mellon v. Smith,* 2011-60 (La. App. 4 Cir. 6/29/11), 71 So.3d 1034, 1042 ("[E]ven where the Louisiana procedure for issuing and executing a seizure is constitutional as written, misapplication of the due process protections provided by the statute can give rise to a section 1983 claim").  Accordingly, Lee's attempt to get this Court to hold otherwise lacks any arguable basis in law or in fact and should be dismissed as frivolous.

## **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

The standard for passing on motions to dismiss has been recently revised by the United States Supreme Court.  This Court summarized the new standard as follows:

> In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  To survive a Rule 12(b) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, [550] U.S. [544], [570], 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 2007 WL 2200004 at * 10 (5th Cir. Aug. 2, 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id*., 127 S. Ct. at 1965 (quotation marks, citations, and footnote omitted).  Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*., 127 S. Ct. at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To make a decision on a motion to dismiss for failure to state a claim, courts may generally consider documents referenced in a plaintiff's complaint, documents plaintiff relied on in bringing suit and that were known to the plaintiff when she brought suit, or documents which are central to

the plaintiff's claims. *Brand Coupon Network, LLC v. Catalina Marketing Corp.,* 748 F.3d 631 (5th Cir. 2014); *In Re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007).

Here, based on his Complaint, Amended Complaint and the documents referenced therein, Lee does not plead sufficient facts to state a claim for relief against GAA that is plausible on its face. Therefore, his Complaint should be dismissed.

## I. LEE FAILS TO STATE A CLAIM AGAINST HIS OPPONENT'S COUNSEL UNDER LOUISIANA LAW.

The Louisiana Supreme Court has narrowly defined the circumstances in which an attorney may be sued by his client's adversary for actions that were allegedly tortious but that the attorney undertook on behalf of his client. In *Penalber v. Blount*, the Louisiana Supreme Court addressed a claim for wrongful seizure brought by a plaintiff against the foreclosing creditor's attorney. 550 So. 2d 577 (La. 1989). The Court reviewed the case law that bars claims against an adversary's attorney and stated:

> Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. A non-client, therefore, generally cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. The intent of this rule is not to reduce an attorney's responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of the loyalty owed a client.
>
> An attorney's duty is to zealously represent his client. To accomplish this obligation, adversarial counsel must not be hampered by fear of personal liability for negligently injuring his client's opponent. The attorney's paramount duty is to his client. As such, not even the Rules of Professional Conduct create actionable duties for negligent injury of a client's adversary or negligent breach of professional obligations which might run in favor of his client's adversary.

*Id.* at 581 (internal citations omitted). In *Penalber*, the Louisiana Supreme Court unequivocally established that the only cause or right of action that a party can have against his opponent's

attorney must be based on an intentional tort of that attorney. *Id*. Such an intentional act would amount to a knowing violation of a statutory prohibition.

In *Montalvo v. Sondes*, the Louisiana Supreme Court interpreted *Penalber* further and found that a petition which alleged that the defendant–lawyers conducted the underlying litigation in "bad faith" (by entering a preliminary default), that they engaged in a "frivolous attempt to collect sanctions and attorney's fees," and that a "simple investigation" would have apprised them of the impropriety of their actions, was insufficient to state an "intentional tort" cause of action against the attorneys. 93-2813 (La. 5/23/94), 637 So.2d 127 (La. 1994). The Court elaborated:

> Reduced to its essentials, [plaintiff's] petition simply alleges that [defendant–lawyers] failed to apprise themselves of the status of the appeal or the Virginia consent judgment prior to filing or continuing the malpractice suit, and making certain allegations in their petition that were no longer true in light of these proceedings. At best, these actions might be considered negligent, but they fall far short of manifesting an intent on the part of [defendant–lawyers] to cause direct harm to [plaintiff]. Since the facts alleged in the petition are not sufficient to give rise to an intentional tort, the trial court erred in failing to sustain the exception of no cause of action.

*Id.* at 131. The *Montalvo* holding establishes that, in order for the defendant–lawyers to be found liable, the plaintiff's complaint must clearly establish that the defendants committed an intentional tort against the plaintiffs. In *Congress Square Ltd. Partnership,* this Court noted the reasoning behind *Montalvo:*

> The Louisiana Supreme Court's conclusion corresponds to the prevailing view on this subject. The Third Restatement of the Law Governing Lawyers states, for instance, that an attorney may be liable for malicious prosecution only if the plaintiff shows that the attorney acted "primarily for a purpose other that bringing an offender to justice or assisting a client to assert the client's rights." Restatement (Third) of Law Governing Lawyers § 57 cmt. e (2000). Similarly, the Restatement notes that an attorney may not be liable for advising a client to breach a contract if she "acts or advises with the purpose of promoting the client's welfare." *Id.* cmt. g. **The Louisiana Supreme Court has thus aligned itself with the view that in order to prevail on a claim of intentional tort against an adversary's attorney, the plaintiff-nonclient must not only show the otherwise generally applicable elements of the tort, but also demonstrate that the defendant-attorney had "a**

> ***desire to harm which is independent of the desire to protect [her] client."*** *E.g. Fraidin v. Weitzman*, 611 A.2d 1046, 1080 (Med. Ct. Spec.App.1992). The decisions of the Louisiana Supreme Court indicate that society's fundamental interest in a robust system of adversarial advocacy not only sets up an absolute bar against claims of negligence, but also requires a heightened showing of intent with respect to intentional torts.

2011 WL 837144 at *11 (emphasis added).

In *Congress Square Ltd. Partnership*, the non-client plaintiff, Mr. Polk, alleged his adversary's attorney, Ms. Peters, intended to inflict emotional distress on him, maliciously prosecuted him, and intentionally interfered with a contractual relationship he had with Ms. Peters' client. *Id.* Although decided in the context of a summary judgment motion, the court noted the distinction of proving the elements of a cause of action for intentional infliction of emotional distress and malicious prosecution when the actions that underlie the claims are undertaken by an individual in their capacity as an attorney. The court noted:

> In *Montalvo*, it is therefore not enough for Mr. Polk to show that Ms. Peters knew that severe emotional distress would result from her actions. *See Montalvo,* 637 So.2d at 120. Rather, he must show that she took such actions 'with the desire to inflict severe emotional distress,' ***one that was independent of her desire to act to act on behalf of her client.***

*Id.* at *11 (Emphasis added).

Similarly, here, Lee cannot simply assert vague allegations of fraud against GAA, the attorney for his adversary in the Foreclosure Proceeding. He must also allege the elements of the cause of action for fraud and must establish that GAA acted independently of its desire to adequately represent its client, Deutsche Bank. The Amended Complaint fails to do so, and is devoid of allegations that GAA acted independent of its representation of Deutsche Bank. Additionally, Lee does not and cannot allege that, at any time, GAA had the intent to cause harm to him outside of the appropriate representation of Deutsche Bank, a private corporation. GAA's zealous representation of its client does not establish an intentional tort.

In light of the foregoing, Lee is unable to state a claim upon which relief can be granted with regard to any state law claims against GAA.

## II.     LEE FAILS TO STATE A CLAIM AGAINST GAA UNDER FEDERAL LAW.

As stated above, to state a claim for malicious prosecution against GAA under 42 U.S.C. § 1983, Lee must prove that GAA, ***though it was retained to represent Deutsche Bank, a private corporation***, was nevertheless still a state actor. *Allen v. Love*, 2015 WL 1021695 (E.D. La. 2015). In *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), the Supreme Court set forth a two-prong test for determining whether the deprivation of a federal right could be fairly attributable to the state: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor," and this "may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Id*., at 937, 102 S.Ct. 2744.

It is well established law that a private individual, such as an attorney, cannot be held liable under section 1983 in the absence of a conspiracy between the private individual and a state actor. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2011). To make such a claim actionable, the private and the public actors must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated. *Tebo v. Tebo*, 550 F.3d 492 (5th Cir. 2008) (Emphasis added). A plaintiff must "allege specific facts to show an agreement." *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004).

Here, Lee simply alleges that GAA filed the initial foreclosure suit against the Plaintiff in 2014.[12] However, federal law clearly states that a lawyer does not conspire with the state or state actors by simply using the legal system to bring a claim against an opposing party. *See Dennis Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (merely resorting to the courts and being on the winning side of a lawsuit does not make a party a coconspirator or a joint actor with government officials); *Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 354, 353 (5th Cir. 2003) (even if a judge reaches a decision based on misinformation that the counsel provides, the issuance of the decision does not imply that counsel acted under the color of state law). Thus, GAA does not transform itself into a state actor simply by relying on Louisiana's legal system to pursue the Foreclosure Proceeding at issue, and likewise, does not conspire with state actors by doing so. *Glotfelty v. Karas*, 512 Fed.Appx. 409 (5th Cir. 2013). Accordingly, Lee has not and cannot state a claim against GAA under federal law.

### III. LEE'S CLAIM IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

Here, the Court lacks jurisdiction to hear Lee's claims under the *Rooker-Feldman* Doctrine, which prohibits both direct and collateral attacks on state court final judgments.[13] The *Rooker-Feldman* Doctrine bars "state-court losers [from] complaining of injuries caused by state-court judgment … and inviting district court review and rejection of those judgments." *Turner v. Chase,* 334 F. App'x. 657, 660 (5th Cir. 2009). The doctrine is narrow and applies only where (1) the plaintiff is the loser of a proceeding in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered before the federal proceedings commenced; and (4) the plaintiff seeks review and rejection of the state court judgment. *Exxon*

---

[12] Rec. Doc. No. 47, at p. 11.
[13] The doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. Of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983).

*Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The core principle behind *Rooker-Feldman* is that lower federal courts lack appellate jurisdiction over state-court judgments. *Id.*, at 283-84.

The *Rooker-Feldman* Doctrine applies to this case for the following reasons: Lee's claim is based on the May 20, 2016 judgment in state court. Lee was the "loser" in the state court proceeding because, pursuant to this May 20, 2016 judgment, the bank was permitted to foreclose on Lee's mortgage via executory process.[14] Lee also complains of injuries caused by the state court judgment. Specifically, Lee alleges that pursuant to the state court judgment, his mortgage was "wrongfully foreclosed upon and wrongfully evicted with his belonging thrown into the street."[15] Moreover, the final judgment was rendered in state court before the federal pleadings commenced.[16] Finally, Lee is seeking review and rejection of the state court judgment enforcing the foreclosure. More specifically, he is seeking a declaration that "Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the Mortgage and/or to sell the subject properties."[17] Therefore, the Court does not have jurisdiction to hear Lee's claims based on the state court Foreclosure Proceeding.

Furthermore, Lee's claims for general and punitive damages should be dismissed because they are "inextricably intertwined with the state court" judgment on the Petition for Executory Process. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). A lengthy line of Fifth Circuit decisions hold "that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Id.* Furthermore,

---

[14] Exhibit A, Reasons for Judgment, dated August 6, 2016.
[15] Rec. Doc. No. 47, at p. 28.
[16] Plaintiff's original complaint was filed on March 19, 2018, and the judgment permitting the foreclosure via executory process was entered on May 20, 2016.
[17] Rec. Doc. No. 47, at p. 32.

00555687                                    12

this principle is not limited to actions "which candidly seek review of the state court decree; it extends to others in which 'the constitutional claims presented [in federal court] are inextricably intertwined with the state court's grant or denial of relief." *Id.,* quoting *Feldman,* U.S. 462, 482 n. 16.

In a similar case, *Turner v. Chase*, the plaintiff sued all parties involved in her state court divorce proceeding alleging that the parties, including the judge, her ex-husband, and her ex-husband's attorney "conspired together to deprive her of her constitutional rights." 334 Fed.Appx. at 658. Specifically, the plaintiff asked this Court to vacate the state court judgment of divorce. *Id.,* at 659. She also prayed that this Court find all of the defendants liable for all equitable relief, including punitive damages, for their alleged collusion to violate her constitutional rights. *Id.* The district court dismissed Plaintiff's complaint, noting that the *Rooker-Feldman* Doctrine precluded federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments. *Turner v. Chase,* 2008 WL 5046817 (E.D. La. Nov. 20, 2008). The United States Court of Appeals for the Fifth Circuit agreed, and affirmed dismissal of the Plaintiff's complaint. *See, generally,* 334 Fed.Appx. 657.

The case at hand is similar to *Turner,* in that the plaintiff is seeking relief from a state court judgment while also asserting claims for damages against the parties to this litigation and the parties to the underlying Foreclosure Proceeding. Just as the claim was dismissed in *Turner*, Plaintiff's claims here should be dismissed, with prejudice, at Plaintiff's costs.

## ALTERNATIVE MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

If this Court does not dismiss Lee's Complaint and Amended Complaint for the above reasons, GAA alternatively moves to dismiss for insufficient service of process.

Under Federal Rule 4(h) of Civil Procedure, service may be made on an unincorporated association by: (1) following state law requirements for serving the association;[18] or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Since Graham, Arceneaux & Allen, LLC is a limited liability company, service could only have been made on it through one of these two ways. However, as shown in Plaintiff's purported Executed Summons Return, a copy of the Amended Complaint was merely left with a secretary in the L.L.C.'s office.[19]  Since this secretary is not an agent authorized for service of process for the limited liability company, service on her was not effective as to Graham, Arceneaux & Allen, LLC.

Further, under Federal Rule 4(e) of Civil Procedure, an individual may be served by: (1) following state law for serving an individual;[20] (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Since Stacy C. Wheat and Fred J. Daigle were was sued in their individual capacity, service must have been made on them in one of these four ways. However, as shown in Plaintiff's Unexecuted Summons Return,[21] no service was made on either Stacy C. Wheat or Fred J. Daigle. Thus, should this Court not grant GAA's Motion to Dismiss for one of the various reasons listed

---

[18] Louisiana law provides that service on a limited liability company may be made by personal service on any one of its agents for service of process. LA. C.C.P. ART. 1266.
[19] Rec. Doc. No. 55 at pp. 12-13.
[20] Louisiana law provides that an individual may be served by personal or domiciliary service. LA. C.C.P. ART. 1231.
[21] Rec. Doc. No. 56.

above, the Amended Complaint should alternatively be dismissed for insufficient service of process.

## CONCLUSION

For the foregoing reasons, GAA respectfully prays that Plaintiff's claims against it be dismissed, with prejudice, at his cost.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE, L.L.C

/s/ *Gretchen F. Richards*
GUS A. FRITCHIE III (#5751)
GRETCHEN F. RICHARDS (#35782)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
gfritchie@irwinllc.com
grichards@irwinllc.com

***Attorneys for Graham, Arceneaux & Allen, LLC, Stacy C. Wheat, and Fred J. Daigle***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

/s/ *Gretchen F. Richards*