UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE LEE,** | * | CIVIL ACTION NO. 2:18-cv-02887 |
| **Plaintiff,** | * | |
| VERSUS | * | JUDGE CARL BARBIER |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1, JPMORGAN CHASE BANK, N.A., FEDERAL DEPOSIT INSURANCE CORPORATION, GRAHAM, ARCENEAUX, AND ALLEN, LLC, STACEY C. WHEAT, FRED J. DAIGLE, BARRY GRODSKY AND CHERI COTOGNO GRODSKY, WIFE, BMRC PROPERTIES, LLC BRIAN MAHON, LAKESHA M. SELLERS, TODD C. SYLVESTER, ORLEANS PARISH SHERIFFS DEPARTMENT, and does 1 through 100 inclusive, *ET AL*.,** | * | MAGISTRATE JUDGE JANIS van MEERVELD |
| **Defendants.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION**

The Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Washington Mutual Bank ("FDIC-Receiver")[1] through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction in response to the Plaintiff's First Amended Complaint ("Amended Complaint").  [Rec. Doc. 47].

---

1 Plaintiff's First Amended Complaint names the FDIC and not the FDIC-Receiver as defendant. Because the allegations of his First Amended Complaint are directed to the activities of the FDIC acting in its receivership capacity for Washington Mutual Bank, the defendant interprets the complaint consistent with his allegations.

2201941.1

1

## INTRODUCTION

The FDIC-Receiver moves to dismiss the Amended Complaint of Jessie Lee ("Lee"), under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because (a) the FDIC-Receiver is an improper party defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(a); and (b) Plaintiff's suit is premature because he sued the FDIC-Receiver before exhausting his administrative remedies and failed to meet the jurisdictional requirements of the Federal Tort Claims Act ("FTCA").

Mr. Lee asserts a claim for damages against the FDIC-Receiver arising under the FTCA, 28 U.S.C. § 1346(b), based on the alleged wrongful foreclosure and sale of his residential property at 904 N. Rendon Street, New Orleans, Louisiana (the "Property"). In December 2014, Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 ("Deutsche Trustee") filed suit in Orleans Civil District Court, State of Louisiana for executory process to foreclose a March 24, 2005 loan made to Mr. Lee by Long Beach Mortgage Company[2] secured by the Property. [Rec. Doc. 47 ¶¶ 1, 29, 53-54, 69, 94]. Lee's sole allegation against the FDIC-Receiver is that the assignment of the mortgage to JP Morgan Chase Bank, N.A. ("Chase") dated July 22, 2014 was fraudulent. Based on this alleged tortious act, Mr. Lee sued the FDIC on September 20, 2018. Mr. Lee did not name the United States as a defendant.

This Court lacks subject matter jurisdiction over Mr. Lee's claims against the FDIC-Receiver because Mr. Lee must exhaust administrative remedies under the FTCA, 28 U.S.C. §§ 1346(b), 2675(a), before suing the United States, as the proper party defendant, in this Court.

---

[2] Long Beach Mortgage was acquired by Washington Mutual Bank prior to its failure and the appointment of the FDIC as its receiver on September 25, 2008.

2201941.1

2

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 24, 2005, Mr. Lee executed a Fixed/Adjustable Rate Note in favor of Long Beach Mortgage Company ("Note") for $186,400. [Rec. Doc. 47-1]. The Note was secured by a mortgage on the Property in favor of Long Beach Mortgage Company ("Mortgage"). [Rec. Doc. 47-2]. The Note was endorsed, in blank, by Long Beach Mortgage Company, the original holder of the Note. [Rec. Doc. 47-1].

On September 25, 2008, Washington Mutual Bank was closed by the Office of Thrift Supervision, and the FDIC was appointed as its receiver.

On July 22, 2014, a Notarial Endorsement and Assignment of Mortgage was executed by Lakesha M. Sellers, Vice President of Chase, as attorney-in-fact for the FDIC-Receiver, assigning the Mortgage to Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 ("Deutsche Trustee") ("Mortgage Assignment").[3] [Rec. Doc. 47-1]. The Mortgage Assignment was filed in the public land records of Orleans Parish on August 4, 2014. [Rec. Doc. 47-1].

On December 22, 2014, the Deutsche Trustee filed a Petition for Executory Process in the Civil District Court for the Parish of Orleans[4] to enforce the Note and Mortgage ("Foreclosure Action"). Mr. Lee contested the Foreclosure Action, and specifically challenged the validity of the Mortgage Assignment to the Deutsche Trustee. [Ex. A, ¶¶ IV-VI, Defendant Emergency

---

[3] Mr. Lee alleges that Lakesha Sellers was not an employee of the FDIC and that the statements in the Mortgage Assignment were fraudulent. The Mortgage Assignment clearly reflects Chase was the attorney-in-fact for the FDIC-Receiver, and Ms. Sellers was acting in her official capacity for Chase, who had the authority to assign the Mortgage on behalf of the FDIC-Receiver, when the Mortgage Assignment was executed. [Doc. 47-1].

[4] *Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 v. Jesse Lee*, Orleans Civil District Court for the Parish of Orleans, Docket No. 2014-12347, Division E.

2201941.1

3

Motion to Vacate Writ from Executory Process, Cancel Sale and Affidavit].[5] The judge in the Foreclosure Action issued judgment for the Deutsche Trustee and ruled: (1) the Deutsche Trustee presented all "necessary authentic evidence to invoke executory process, namely the note and the mortgage containing a confession of judgment clause;" (2) the Note was endorsed in blank and, therefore, was enforceable by the bearer, in this case the Deutsche Trustee; and (3) the Deutsche Trustee, as the holder of the original Note, endorsed in blank, had the authority to enforce the Mortgage without authentic evidence of the signatures or the assignment under Louisiana Revised Statute 9:4422(2), and foreclose via Louisiana's executory process. [Ex. B, Reasons for Judgment].

After losing in the Foreclosure Action, Mr. Lee filed this action on March 19, 2018. [Rec. Doc. 1].

On July 16, 2018, the FDIC's Office of the Executive Secretary received a "Notice of Intent to Sue" ("Notice") dated July 11, 2018 from Mr. Lee. [Ex. C-1 Lamoreaux Declaration]. The Notice asserted a claim for fraud based upon an alleged fraudulent Mortgage Assignment to Chase and sought $25 million in damages. [Rec. Doc. 47 ¶ 35]. Mr. Lee alleges the Mortgage Assignment is fraudulent because the Delaware Bankruptcy Court overseeing the Chapter 11 bankruptcy of WMI, the holding company of Washington Mutual Bank, ordered the FDIC-Receiver to transfer the remaining assets of the Washington Mutual Bank receivership estate to the WMI Liquidating Trust on March 19, 2012 and only the WMI Liquidating Trust could assign the mortgage after that date. [Rec. Doc. 47, ¶ 33].

---

[5] Pursuant to Federal Rule of Evidence 201, a district court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). The district court may take judicial notice on its own or, if a party requests it and supplies the court with the necessary information, the court must take judicial notice of the information. Fed. R. Evid. 201(c).

2201941.1

On July 26, 2018, the FDIC notified Mr. Lee by letter it had received the Notice and would process his claim as an administrative claim under the FTCA. [Ex. C-2 Lamoreaux Declaration]. The letter explained the FTCA administrative claims process. The letter also explained the six month waiting required by 28 U.S.C. § 2675(a) prior to suit and if Mr. Lee sued, the party he must sue is the United States of America ("United States"). *Id.*

The FDIC has not completed its review of Mr. Lee's claim and the six month period does not expire until January 16, 2019. [Ex. C, Lamoreaux Declaration, ¶ 5].

Mr. Lee filed the Amended Complaint on September 20, 2018 naming the FDIC as defendant. The United States is not a defendant. [Rec. Doc. 47].

On October 12, 2018, Mr. Lee served the Summons and Amended Complaint on the FDIC.[6]

## ALLEGATIONS AGAINST THE FDIC-RECEIVER

The Amended Complaint identifies the FDIC in its capacity as receiver for Washington Mutual Bank, the successor to Long Beach Mortgage Company. [Rec. Doc. 47 ¶¶ 10, 31, 45]. Mr. Lee pleads eleven causes of action in the Amended Complaint: (1) lack of standing/wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) unconscionable contract;

---

[6] Mr. Lee has not served the FDIC-Receiver as required under Federal Rule of Civil Procedure 4(i). To properly serve a federal agency under Rule 4(i), a plaintiff must do the following: (1) deliver in person or by certified or registered mail, a copy of the complaint and summons to either the United States Attorney for the district where the action is brought, or to the civil process clerk at the United States attorneys' office; (2) deliver by certified or registered mail a copy of the complaint and summons to the Attorney General of the United States in Washington D.C.; and (3) deliver by certified or registered mail a copy of the complaint and summons to the agency in question. Fed. R. Civ. P. 4(i)(1)(A)–(C).

Mr. Lee has not served the Amended Complaint and Summons on the FDIC-Receiver by all three of the mandatory service methods under Federal Rule 4(i). *See* Fed. R. Civ. P. 4(l) ("[P]roof of service must be made to the court . . . by the server's affidavit"). The Proof of Service filed shows only that Mr. Lee mailed the Amended Complaint and Summons by certified mail to the FDIC's field office in Baton Rouge and that the certified mailing was received on October 12, 2018. [Rec. Doc. 55, pp. 2, 9]. This alone is insufficient to serve the FDIC as an agency of the United States. Rule 4(i) requires Mr. Lee to deliver the Amended Complaint and Summons to the United States Attorney for the Eastern District of Louisiana and the Attorney General of the United States in Washington D.C. [Rec. Doc. 55, pp. 2, 9].

2201941.1

(5) breach of contract; (6) breach of fiduciary duty; (7) quiet title; (8) slander of title; (9) intentional and negligent infliction of emotional distress; (10) Consumer Credit Protection Act; and (11) declaratory relief.  [Rec. Doc. 47].  The Amended Complaint fails to specifically state whether all the claims for relief apply to the FDIC-Receiver.  But, the sole factual allegation against the FDIC-Receiver is the Mortgage Assignment, executed by Chase as attorney-in-fact for the FDIC-Receiver, was fraudulent, that is, each cause of action is based on a tort allegedly committed on behalf of the FDIC-Receiver.

In paragraph 33 of the Amended Complaint, Mr. Lee makes these allegations regarding the FDIC-Receiver:

> The Notarial Endorsement and Assignment of Mortgage, ***presented and signed by Lakesha M. Sellers, as V.P. of JP Morgan Bank, and attorney in fact for the FDIC, signed on July 22, 2014*** and a second assignment, signed on the same day by Lakesha M. Sellers, as V.P. assigns from J.P. Morgan Bank, to Deutsche Bank, NA. as Trustee for Long Beach Mortgage Loan Trust 2005-WLl. ***These were two fraudulent assignment, as the loan had been sold to WMl Liquidating Trust on 3/19/2012. The wrong party in interest foreclosed*** on the Jesse Lee's property at 904 North Rendon Street., New Orleans, Louisiana.

[Rec. Doc. 47, ¶ 33 (emphasis added)].  Mr. Lee repeats these fraud allegations in paragraphs 48 and 49 of the Amended Complaint.  [Rec. Doc. 47, ¶¶ 48-49].

Mr. Lee further alleges he sent the FDIC a notice of intent to sue based on the alleged fraudulent Mortgage Assignment filed in the Foreclosure Action, and the FDIC notified Lee of the FTCA administrative claims process.  [Rec. Doc. 47 ¶ 35].  Mr. Lee does not allege he exhausted the FTCA administrative process prior to suing the FDIC-Receiver.

## LEGAL STANDARDS

A.  Federal Tort Claims Act

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States']

2201941.1

6

consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1194) (internal citations omitted).

The FTCA, subject to various exceptions, waives the United States' sovereign immunity regarding certain claims in tort for money damages arising from acts or omissions by federal employees, including employees of the FDIC. If a claim is cognizable under section 1346(b) of the FTCA, the claimant cannot seek judicial relief until he files an administrative claim with the federal agency and that claim is denied.  If the claimant is dissatisfied with the agency's denial of his claim, his exclusive remedy is to sue the United States. 28 U.S.C. §§ 2679(a)-(b).

**B.  Rule 12(b)(1) Standard**

Rule 12(b)(1) motions challenge the subject matter jurisdiction of the court to hear a case. Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).  A claim is properly dismissed for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id*. (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court resolves the jurisdictional issue before addressing an attack on the legal merits. *Ramming*, 281 F.3d at 161.

A defendant may challenge subject matter jurisdiction by asserting a "facial attack" or a "factual attack" on the complaint under Rule 12(b)(1). *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When the Rule 12(b)(1) motion relies solely on the allegations in the complaint, the district court looks to the "sufficiency of the allegations in the complaint," which  are presumed to be true." *Id*.  A Rule 12(b)(1) motion which challenges the jurisdictional facts with evidence outside the complaint, such as pleadings, affidavits, testimony, or other evidentiary materials, is a

2201941.1

factual attack. *Eagle TX I SPE, L.L.C. v. Sharif & Munir Enter., Inc.*, 602 Fed.Appx. 576, 578 (5th Cir. 2015).

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. Because subject matter jurisdiction is decided by the court, the district court may weigh evidence when making its decision. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). The burden of proving jurisdiction rests with the plaintiff. *Ramming*, 281 F.3d at 161.

## LAW AND ANALYSIS

### THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

The FDIC-Receiver seeks an order dismissing Mr. Lee's Amended Complaint against it because this Court lacks subject matter jurisdiction. Mr. Lee alleges the Mortgage Assignment was fraudulently executed by the FDIC-Receiver's attorney-in-fact, Chase. This alleged tort is the basis for all of his claims against the FDIC-Receiver and, therefore, falls within the FTCA.

**I.    This Action Against the FDIC-Receiver is Premature Because Mr. Lee Has Failed to Exhaust Administrative Remedies Under the FTCA Prior to Filing Suit.**

This court lacks subject matter jurisdiction to consider this action against the FDIC-Receiver because Mr. Lee filed his Amended Complaint before his administrative claim has been determined by the FDIC. The FTCA, 28 U.S.C. § 2675(a), provides that no action in tort may be filed against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." Only when the claim has been denied by the agency or six months have passed since the administrative claim was filed may a claimant sue the United States in federal district court. *Id*.

2201941.1

The six month waiting period under section 2675(a) begins when the federal agency receives the claim from the claimant. 28 U.S.C. § 2675; 28 C.F.R. § 14.2(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). *See also Barber v. United States*, 642 Fed. Appx. 411, 414 (5th Cir. 2016).

Less than six months has elapsed from the date the FDIC received Mr. Lee's FTCA claim on July 16, 2018. Mr. Lee filed his Amended Complaint on September 20, 2018. The FDIC has not completed its review of Mr. Lee's claim and the six month waiting period does not conclude until January 16, 2019. [Ex. C Lamoreaux Declaration, ¶ 5]. Therefore, Plaintiff's Amended Complaint is premature because the six month period has not elapsed. Failure to wait six months until a deemed denial divests the court of subject matter jurisdiction. *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (Because the FDIC had not formally denied plaintiffs FTCA claim, suit filed prior to expiration of the six-month period of administrative review deprived the district court of jurisdiction).

Because Mr. Lee commenced suit against the FDIC-Receiver before the FDIC has determined Mr. Lee's claim and before the six month period has run, the case must be dismissed for lack of subject matter jurisdiction.

## II. Because the United States is the Only Proper Defendant, the Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against the FDIC-Receiver.

The only proper defendant in an FTCA action is the United States. *Walters v. Smith*, 409 Fed. Appx. 782, 783 (5th Cir. 2011); *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181,183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."); *Robertson v. U.S. Coast Guard*, CV 17-5189, 2017 WL 4764355, at *2 (E.D. La. Oct. 20, 2017), *reconsideration denied*, CV 17-5189, 2017 WL 6055157 (E.D. La. Dec. 7, 2017) (holding that an agency or agency employee cannot be sued under the FTCA).

2201941.1

Because there is no jurisdictional basis for Mr. Lee's claims against the FDIC-Receiver, the court must dismiss the action against the FDIC-Receiver.

## CONCLUSION

For the reasons discussed herein, the FDIC-Receiver seeks an order granting its Motion to Dismiss.

                         */s/Vicki A. Elmer*
                         **RICHARD AGUILAR (#17439)**
                         **VICKI A. ELMER (#28569)**
                         **MARK R. DEETHARDT (#34511)**
                         McGlinchey Stafford, PLLC
                         12th Floor, 601 Poydras Street
                         New Orleans, LA 70130
                         Telephone: (504) 586-1200
                         Facsimile: (504) 596-2800
                         raguilar@mcglinchey.com
                         velmer@mcglinchey.com
                         mdeethardt@mcglinchey.com
                         *Attorneys for the Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank*

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. Service to all known counsel of record who have not consented to email notification and electronic service has been made via U.S. Mail, postage prepaid, this 11th day of December, 2018.

                         */s/ Vicki A. Elmer*
                         **VICKI A. ELMER**