UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE LEE, §<br>Plaintiff, §<br>vs. §<br>DEUTSCHE BANK NATIONAL TRUST §<br>COMPANY (As Trustee for Long Beach §<br>Mortgage Loan Trust 2005-WL1); §<br>JPMorgan Chase Bank, N,.A; §<br>Barry Grodsky, §<br>Cheri Cotogno Grodsky, §<br>BMRC Properties, LLC; §<br>Brian Mahon, §<br>ORLEANS PARISH §<br>SHERIFF'S DEPARTMENT, §<br>GRAHAM, ARCENAUX §<br>AND ALLEN, LLC; §<br>Stacy C. Wheat; §<br>Fred J Daigle; §<br>Lakesha M. Sellars; §<br>Todd C. Sylvester; §<br>FEDERAL DEPOSIT INSURANCE §<br>CORPORATION §<br>Does 1-100, §<br>Defendants §| CIVIL ACTION<br>FILE NO: 2:18-cv-02887-CJB-JVM<br><br>HONORABLE JUDGE:<br>CARL BARBIER<br><br>MAGISTRATE JUDGE:<br>JANIS VAN MEERVELD |

PLAINTIFF'S OPPOSITION TO DEFENDANT FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

---

COMES NOW, Plaintiff, Jessie Lee, who respectfully files *Plaintiff's Opposition to Defendant Federal Deposit Insurance Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction*, and shows this Honorable Court as follows:

ARGUMENT AND CITATION OF AUTHORITIES

Defendant Federal Deposit Insurance Corporation ("FDIC") seeks dismissal because "Mr. Lee did not name the United States as a defendant in this action" [Dkt.61,p.1]; and because Mr. Lee did not satisfy requirements under the Federal Tort Claims Act ("FTCA") in that Mr. Lee failed to exhaust administrative remedies prior to naming FDIC a Defendant [Id].

Within the introduction, FDIC appears to claim that because Mr. Lee did not name the United States as a defendant, that Mr. Lee cannot pursue a claim against FDIC. FDIC is attempting to mislead the Court on this issue. Mr. Lee contends that the claims against FDIC are claims in which FDIC was acting in its "corporate capacity", and that the Courts have concluded that "when the FDIC acts in its corporate capacity to collect debts its liability must be determined in the same fashion as that of a private party. The court found that when the FDIC acts as a receiver and liquidating agent for a failed bank, it merely "stands in the shoes of the insolvent bank": *FDIC v. Harrison* 735 F.2d 408, 409 (11th Cir. 1984). (Michael Keeley, Toni Scott Read, Ann Gardiner, Michael Feiler,

*"Superpowers" of Federal Regulators: The Subprime Mortgage Crisis and Bond Claim Issues Arising from Take over by the FDIC*, 16 Fidelity L.J. 1, 100 (2010)).

### A. *FDIC Claims Lack of Subject Matter Jurisdiction*

FDIC seeks dismissal pursuant to Fed.R.Civ.P. Rule 12(b)(1), for which FDIC contends this Court lacks subject matter jurisdiction "because (1) the FDIC-Receiver is an improper party defendant under the Federal Tort Claims Act...; and (b) Plaintiff's suit is premature because he sued the FDIC-Receiver before exhausting administrative remedies and failed to meet the jurisdictional requirements of the Federal Tort Claims Act..." [Dkt.60-1,p.2].

Contrary to the claim made FDIC, Mr. Lee did in fact file Notice prior to filing suit. The FDIC response to the Notice was that they (FDIC) did not deny that the Fraudulent Assignment was theirs. They claimed it was a tort and they had 6 months to reply. FDIC also attempted to claim that they had immunity from suit because they are under the United States, and that Mr. Lee would have to name the United States as the defendant, not FDIC.

Of course, FDIC was hoping that Mr. Lee did not know any better and would follow their suggestion. FDIC did not anticipate that Mr. Lee knew what they had told him, was not true. FDIC is a private company/corporation formed by the UNITED STATES, not the United States of America as in the country. In *Hooven & Allison, Co. v. Evatt*, 324 U.S. 652 (1945), the Court held: "The term 'United States' may be used in any one of several senses. It may be merely the name of a sovereign occupying a position analogous

to that of other sovereigns in the family of nations. It may designate the territory over which the sovereignty of the United States ex- [324 U.S. 652, 672] tends, or it may be the collective name of the states which are united by and under the Constitution". Congress did not grant the FDIC immunity and lacked the Constitutional power to grant such immunity without there being a vote on that issue, which there was no vote for it.

Further, Mr. Lee's jurisdictional statement shows that this Court has jurisdiction pursuant to: 28 U.S.C. §§ 1331, 1343, 2201, 2202, 1367, 1337(a), 1345, 1391(b)(1); 12 U.S.C. §§ 2605, 5565(a)(1); 15 U.S.C. §§ 1692, 1681; and 42 U.S.C. § 1983.

FDIC goes on to tell how they became receiver of WaMU, and that "On July 22, 2014, a Notarial Endorsement and Assignment of Mortgage was executed by Lakesha M. Sellars, Vice President of Chase as attorney-in-fact for FDIC-Receiver.." [Dkt.60-1,p.3]. So FDIC is claiming that six (6) years after Chase purchased WaMu, they finally got around to doing an Assignment. That too is not true.

It is well known, and FDIC has argued that they would not have the time or manpower to create assignments for the numerous loans, etc. and that when the purchaser of the bank's assets takes over, there are no assignments:

> "**Federally, the FDIC, as receiver of Washington Mutual Bank, was empowered to transfer the Bank's assets without an assignment.** See 12 U.S.C. § 1821(d)(2)(G)(i)(II)" (receiver may "transfer any asset or liability...associated with any trust business) **without any approval, assignment,...**"); *FTBK Investor II v. Mercy Holding*, 36 Misc.3d 1219(A), 2012 WL 3064864 at *5 (N.Y.Sup.Ct. July 24, 2012) (citing 12 U.S.C. § 1821(d)(2)(G)(i)(II) and <u>rejecting</u> borrowers' argument "that the note had to have been individually negotiated and physically indorsed to Chase [by the FDIC] through an allonge").*Id. at 845*. In *Beka Realty, LLC*, 2013 WL 5629590, plaintiff challenged the foreclosure of his mortgage, <u>arguing that the foreclosure was void because</u>

there was no recorded assignment of the mortgage from WAMU to Chase. *Id. at *2*. The court held that the FDIC, as WAMU's receiver, was permitted to "transfer any asset or liability" of WAMU "**without any approval, assignment, or consent** with respect to such transfer." *Id.* (quoting 12 U.S.C. § 1821(d)(2)(G)(i)(II)). *Newman v. JP Morgan Chase Bank, N.A.*, No. CIV. 14-2944 MJD/JSM, 2015 WL 321442, at *7 (D. Minn. Jan. 26, 2015); see also *Roberts v. JPMorgan Chase Bank, N.A.*, Nos. 09–cv–07855 and 09–cv07879, 2011 WL 4479455, at *2 (N.D.Cal. Mar.11, 2011) (taking judicial notice of the PAA and collecting cases in which other courts also took judicial notice of the PAA and its provisions); *Yetiv v. Chase Home Fin. LLC*, No. 4:11–cv–01250, 2012 WL 112597, at *4 n. 1 (S.D.Tex. Jan.11, 2012) (same); *Stehrenberger v. JPMorgan Chase Bank, N.A.*, No. 2:12-CV-874, 2012 WL 5389682, at *1 (S.D. Ohio Nov. 2, 2012).

To believe that there was an assignment for Mr. Lee's property would be ludicrous. These entities do nothing more than they legally have to do. The laws state that no assignment is required, then these entities will not create an assignment. Because of the successful arguments shown above for lack of assignments, it would be redundant, to have for Mr. Lee, an unnecessary assignment.

FDIC asserts that the Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned…" [Dkt.60-1,p.4,*fn5]. That's not all together correct.

> "Although a court may take judicial notice of its own proceedings, *Pinegar v. Harris*, 06-2489, p. 3 (La. App. 1 Cir. 5/4/07), 961 So.2d 1246, 1249, a court may not take judicial notice of disputed issues. *Weatherly v. Optimum Asset Management, Inc.*, 04-2734, p. 5 (La. App. 1st Cir. 12/22/05), 928 So.2d 118, 122; see also *La. C.E.* arts. 201 and 202. As the other suits were still pending before the trial court, they were not final adjudications of which the court could take judicial notice. Hence, the trial court clearly erred in relying on such evidence to render judgment in this matter based on the theory of constructive interruption of peaceful **7 possession.3

*Constantin Land Tr. v. Pitre Indus., L.L.C.*, 2016-0993 (La. App. 1 Cir. 7/10/17), 225 So.

3d 1089, 1093, reh'g denied (Aug. 29, 2017), writ denied, 2017-1644 (La. 11/28/17), 230 So. 3d 224.

It was likewise held:

> "The appellants contend that the June 17, 2016 award of cleaning costs must be reversed because it is not based on competent evidence. In this case, the **7 district judge's basis for making damage assessment was grounded solely upon the taking of judicial notice as to the amounts for "generally accepted cleaning expenses." See *La. C.E. art. 201*, (providing for judicial notice of adjudicative facts generally). Because <u>judges are prohibited from taking judicial notice of material issues of disputed fact</u> and because the amount to be awarded as cleaning costs is <u>at the very heart of the present dispute</u>, the appellants argue that the <u>district judge erred by taking judicial notice of cleaning cost expenses in this case. We agree</u>. The jurisprudence clearly provides that <u>judges may not take notice of material issues of disputed facts</u>. And, our review of the record reveals that the plaintiffs failed to introduce any other competent evidence on which to base an award of cleaning costs. Given this dearth of evidence, it is clear that the June 17, 2016 judgment is <u>not supported by substantial or competent evidence</u>. We, accordingly, reverse the district court's June 17, 2016 judgment. We now explain our rationale in greater detail".

*Caruso v. Chalmette Ref., LLC,* 2016-1117 (La. App. 4 Cir. 6/28/17), 222 So. 3d 859, 864, reh'g denied (July 12, 2017).

The fact that Mr. Lee has shown that there is reason to believe that the documents were forged, together with the question on whether or not there was in fact an assignment at all, since one is not required by law, it cannot be said that these are undisputed facts.

Moreover, FDIC on the one hand alleges that Mr. Lee failed to exhaust administrative remedies [Dkt.60-1,p.2]; then on the other hand, FDIC admits that Mr. Lee made "a claim for fraud upon the alleged fraudulent assignment" in his notice of intent to sue [Dkt.60-1,p.4]. FDIC goes on to complain that Mr. Lee did not name the United States as defendant, instead of FDIC. That argument holds no water, as Mr. Lee has shown in the

foregoing paragraphs, that he is not required to name the United States, instead of FDIC. FDIC was acting in its corporate capacity, and neither congress, nor the constitution has not granted them immunity.

While FDIC complains that it is up to the Plaintiff to prove jurisdiction, Plaintiff believes that he has proven the Court has subject matter jurisdiction. FDIC has further held that they informed Mr. Lee that they could not be sued, that is a formal denial. Telling Mr. Lee that he must file against the United States, and not the FDIC, is a matter of fact, definite statement, admittedly sent by FDIC's counsel to Mr. Lee. There is no other way to view the statement, and FDIC attached the letter to Mr. Lee at [Dkt.60-4,p.10]. Mr. Lee further contends that the complaint against a private corporation neither requires Notice prior to suit, nor a six month waiting period prior to filing the suit as FDIC is not actually a government entity.

According to FDIC's website, they are an independent agency, and "The FDIC receives no Congressional appropriations - it is funded by premiums that banks and thrift institutions pay for deposit insurance coverage and from earnings on investments in U.S. Treasury securities". https://www.fdic.gov/about/learn/symbol/.

The next problem that FDIC claims Mr. Lee has, is that because Mr. Lee allegedly named FDIC in a suit prior to the six month in which FDIC has to deny Mr. Lee's claim, which they have already done, the case must be dismissed for lack of jurisdiction.

Although not required, Mr. Lee would like to inform this court, that a Notice of Intent to Sue, was sent to the FDIC on Jul.y 11, 2018. In that Notice, Mr Lee gave the FDIC a 10 day right to cure, by stating that the fraudulent FDIC mortgage assignment was not done or authorized by the FDIC. The reply from the FDIC, failed to deny that the FDIC had done or authorized the fraudulent Assignment, court recorded on Mr Lee's house. To record a fraudulent document in the court of record is a Felony. It has been more than six months and to date, the FDIC still remains silent on that issue.

The U.S. Supreme court states that silence equates to fraud. Remember, this FDIC fraudulent assignment, was used in the intentional Felony/Crime of Fraud and Property theft, of Mr Lee's home.

*"Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading."* **U.S. v. Tweel,** 550 F.2d.297.

*"Knowing failure to disclose material information necessary to prevent statement from being misleading, or making representation despite knowledge that it has no reasonable basis in fact, are actionable as fraud under law."*
**Rubinstein v. Collins,** 20 F.3d 160, 1990

"Party in interest may become liable for fraud by mere silent acquiescence and partaking of benefits of fraud." **Bransom v. Standard Hardware, Inc.,** 874 S.W.2d 919, 1994.

Mr Lee would aware this court, that the FDIC 2014 Mortgage Assignment on his home to JP Morgan Chase is fraudulent, because the FDIC could not do any WAMU assignments after 2012. The Delaware Bankruptcy Court ordered and mandated the FDIC, to sign over all of the remaining assets of Washington Mutual Bank (WAMU) to WMI Liquidating Trust on March 19, 2012. As of that date, the FDIC could not do any WAMU Mortgage Assignments. Additionally, Article 111, Section 3.3 of the Purchase and Assumption agreement, between the FDIC and JP Morgan Chase, specifies how the Notes ownership were to be transferred. It mandates all Notes be transfer by Receiver's Deed or a Receiver's Bill of Sale.

## CONCLUSION

Mr. Lee has successfully argued against FDIC's Motion to Dismiss. Mr. Lee has shown that he is suing a private corporation, and the United States Government need not be named instead of FDIC. The FTCA only applies to Government employees, not private contractors. Title 28 USC 1346 (b) also see United States v. Orleans 1976. 425 U.S. 807. Mr. Lee has shown that this Honorable Court has jurisdiction over the matter brought before the Court. Mr. Lee has shown that FDIC does not have immunity. Mr. Lee has stated, that he has given the FDIC ( although not required), a notice of intent to sue and a opportunity to cure. That was more than 6 month ago, in which to date, the FDIC has not denied, but remains silent, as to the authorization of the fraudulent 2014 FDIC mortgage assignment placed on Mr. Lee's home, that was taken from him, while his personnel belongings were thrown out in to the streets.

For more than six months, the FDIC has been aware of these Felonies/Crimes committed against Mr. Lee and his property. They have not joined in this case as a victim or have reported the Felonies/Crimes. Instead they seek to cover up the Felonies/Crimes, by requesting Mr. Lee's case be dismissed. Federal Courts have Jurisdiction over Felonies/Crimes. United States Code, Title 18, Section 4, makes it mandatory to report all Felonies to a Judge. Mr Lee is officially reporting these Felonies/Crimes to the Judges in this case. FDIC has not proven they are not a party to this action, or that the action is wrongfully brought against them.

Mr. Lee moves the Court to Deny the Motion to Dismiss.

Respectfully submitted, this 16 day of January, 2019.

By: /s/ Jessie Lee  1-16-2019
Jessie Lee, Plaintiff
2315 Republic St.
New Orleans, LA 70119
(904)514-7346

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing, PLAINTIFF'S OPPOSITION TO DEFENDANT FEDEERAL DEPOSIT INSURANCE CORPORATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, has been sent to the parties listed below, by United States Postal Service Mail, on this 16th day of January, 2019:

Barry H. Grodsky
Taggart Morton
1100 Poydras Street, Suite 2100
New Orleans, LA. 70163-2100

Deutsche Bank Trust Company
60 Wall Street, 37th Floor
New York, New York 10005
Attention: Lynne Malina , (Legal Department)

Cheri Cotogno Grodsky
1541 Octavia Street
New Orleans, LA. 70115

Mark C. Landry
NEWMAN, MATHIS, BRADY & SPEDALE, PLC
433 Metairie Rd. Ste. 600
Metairie, LA. 70005

Vicki A Elmer
McGlinchey Stafford, PLLC
601 Poydras Street. Ste. 1200
New Orleans, LA. 70130

Daniel J. Caruso
SIMON, PERAGINE, SMITH & REDFEARN, LLP.
1100 Poydras Street. 30th floor - Energy Centre
New Orleans, LA. 70163

By: _Jessie Lee_  1-16-2019
Jessie Lee, Plaintiff
2315 Republic St.
New Orleans, LA 70119
(904)514-7346