UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSIE LEE                                          CIVIL ACTION

VERSUS                                              No. 18-2887

DEUTSCHE BANK NATIONAL                              SECTION: "J"(1)
TRUST COMPANY, ET AL.

# ORDER

Before the Court are *Motions to Dismiss* filed by BRMC Properties, LLC and Brian Mahon (collectively, "BRMC Defendants") **(Rec. Doc. 24)** and JP Morgan Chase Bank, N.A. ("Chase") **(Rec. Doc. 35)**. Plaintiff filed in opposition to the motions. (Rec. Docs. 29, 67). Considering the motions, the memoranda, the record, and the law, the Court finds that the motions to dismiss should be **DENIED**.

# FACTS AND PROCEDURAL HISTORY

Pro se Plaintiff Jessie Lee claims in his complaint that he suffered from a scheme perpetuated (or aided in) by the defendants to collect funds for home loans not actually due.[1] Lee's central allegation is that his home was illegally foreclosed upon in a sham foreclosure proceeding in the Civil District Court for the Parish of Orleans. It was a fraudulent foreclosure, says Lee, because the wrong party foreclosed. Lee claims that right belonged exclusively to the Long Beach Securities Corporation.[2]

---

[1] (Rec. Doc. 47).
[2] (Rec. Doc. 47 at 17).

1

The party that filed suit against Lee for executory process was Deutsche Bank National Trust Company ("Deutsche Bank").[3] Lee incurred the debt on March 24, 2005; it is evidenced by a promissory note and secured by a mortgage on real property located at 904 N. Rendon Street, New Orleans, Louisiana (the "Property").[4] In the foreclosure proceeding Lee did not claim he had not defaulted on his debt. Rather, he argued that the letter giving him notice of an intent to foreclose listed the "client" as JP Morgan Chase and not Deutsche Bank.[5] The state court found this to be inconsequential because the note was endorsed in blank. This meant the "note could have been enforced by any entity in possession."[6] *See* La. R.S. 10:3-202. The state court denied Lee's request for an injunction[7] and allowed the sheriff's sale to go forward on January 25, 2018. At the sale, the Property was purchased by BRMC.[8]

After an adverse resolution of the foreclosure proceeding, Lee filed his original complaint with this Court on March 19, 2018.[9] The assigned magistrate judge allowed Plaintiff to amend his complaint by supplementing it with an exhibit on June 7, 2018.[10] Plaintiff then motioned for an extension of time in which to amend his complaint to include a jury demand.[11] The Court granted the motion, giving Plaintiff

---

[3] (Rec. Doc. 57-2 at 2).
[4] (Rec. Doc. 57-2 at 2).
[5] (Rec. Doc. 57-2 at 3).
[6] (Rec. Doc. 57-2 at 3).
[7] (Rec. Doc. 57-3 at 2).
[8] (Rec. Doc. 57-1 at 2).
[9] (Rec. Doc. 1). Lee originally named as defendants: Deutsche Bank as trustee to Long Beach Mortgage Loan Trust 2005-WLI, Chase as Deutsche Bank's successor, GAA as Deutsche Bank's counsel during the foreclosure proceeding, BRMC as purchaser of the foreclosed property, and 100 "John Does," liable as agents or employees of the named defendants.
[10] (Rec. Doc. 33).
[11] (Rec. Doc. 37).

14 days to "file a jury demand compliant" with the Federal Rules of Civil Procedure.[12] At the end of the two weeks allowed, Plaintiff motioned for an extension of time "to add additional indispensable parties."[13] The Court once again allowed Plaintiff to amend his complaint but in so doing the Court urged "Plaintiff to cure any deficiencies of service alleged to exist by Defendants" and noted the Court would not grant another opportunity to amend "[a]bsent extraordinary circumstances." (Rec. Doc. 44). Plaintiff filed his amended complaint on September 20, 2018. (Rec. Doc. 51).

## STANDARD OF LAW

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. 2007) (per curiam). If there is an objection, the party attempting service has the burden of proving service was proper. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

## DISCUSSION

### I. BRMC'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

The BRMC defendants ask for dismissal pursuant to Fed. R. Civ. Proc. 12(b)(5) on the ground that they were improperly served by certified mail. For service to have been proper, it must be authorized by some other authority. The Federal Rules of Civil Procedure provide:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

---

[12] (Rec. Doc. 43).
[13] (Rec. Doc. 44).

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Similarly, regarding corporations, partnerships, or associations, Rule 4(h) states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .

In his opposition, Lee argues first that service was proper under Louisiana law. Lee cites La. R.S. 13:3204 for the proposition that service via certified mail was proper as to both BRMC Properties, LLC and Brian Mahon. Plaintiff is correct that La. R.S. 13:3204 allows for service by certified mail in some circumstances, but that provision contemplates "the person to be served is located outside of this state." The BRMC Defendants are an individual and a limited liability company; both are apparent

4

residents of Louisiana. As Lee is attempting service inside the State of Louisiana, La. R.S. 13:3204 is inapplicable as to the BRMC Defendants.

Second, Lee argues that the "Postman that delivered the Summons and Complaint to attorney Mark C. Landry is a resident of Louisiana and over the age of 18."[14] This argument fails too. Proof of service must be made to the court by the server's affidavit, unless service is waived. Fed. R. Civ. P. 4(i). Plaintiff's inclusion of certified mail receipts is insufficient. "Indeed, Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) effectuating service by Certified Mail via the Post Master General . . . ." *Reading v. U.S.*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007). "'The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant,' who 'is usually a commercial process server plaintiff has contracted with to effectuate service for a fee.'" *Id.* (quoting *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

Because neither the Federal Rules, nor "Louisiana law, provide for service of process on individuals within the State of Louisiana" by certified mail, the Court is empowered to dismiss Plaintiff's case. See *Jones v. Becnel*, No. CIV.A. 15-713, 2015 WL 4677543, at *4 (E.D. La. Aug. 6, 2015) (citing Fed. R. Civ. P. 4(e), La. Code Civ. Proc. arts. 1231–1235, 1265). However, given the Fifth Circuit's policy of leniency towards pro se plaintiffs, the Court will allow Lee 14 days from the issuance of this order to make proper service. *See Rhodes v. U.S. I.R.S.*, No. CV 10-1074-PHX-DGC,

---

[14] (Rec. Doc. 29 at 1-2).

2010 WL 5392636, at *4 (D. Ariz. Dec. 28, 2010). After this time, "the case may be properly dismissed" for the plaintiff's "'dilatoriness or fault' or 'inaction.'" *Holly*, 213 Fed. Appx. at 345.

## II. CHASE'S MOTION TO DISMISS FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION

Chase also asks for dismissal pursuant to Fed. R. Civ. Proc. 12(b)(5). Plaintiff attempted service on Chase by sending the original complaint to Chase's CEO, Jamie Dimon, by certified mail. Again, the Federal Rules allow for service on entities in compliance with state law or by personal service on an officer or agent. Fed. R. Civ. Proc. 4(h)(1).

As noted above, Louisiana law allows for service of out-of-state defendants by certified mail. La. R.S. 13:3204. However, Louisiana law also provides, "Every bank may . . . designate a corporate agent for service of process." La. R.S. 6:285(C)(2).[15] "[I]f a corporate agent for service is so designated, service shall be made on such agent." *Id*. Because Chase has selected a corporate designee, for service to be made in accord with the law of Louisiana, service must be made on this designee. Service on Jamie Dimon was improper.

Alternatively, the Federal Rules allow for personal service on a corporate officer or agent by delivering them a copy of the summons and complaint. Fed. R. Civ. Proc. 4(h)(1)(B). *See Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. 2009) (unpublished) (per curiam) ("The term 'delivering' appears to refer to personal service."). Personal service is generally implemented through a professional process

---

[15] "'Bank' means any state bank or any national bank." La. R.S. 6:2(1).

6

server and is distinct from service by registered mail. Personal service requires proof of service by the server's affidavit, unless service is waived. Fed. R. Civ. P. 4(i). The Court will allow Lee 14 days from the issuance of this order to make proper service.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that BRMC's *Motion to Dismiss for Insufficient Service of Process* **(Rec. Doc. 24)** is **DENIED**.

**IT IS FURTHER ORDERED** that Chase's *Motion to Dismiss* **(Rec. Doc. 24)** is **DENIED**.

Plaintiff shall have 14 days from the issuance of this Order in which to effect proper service, after which his case shall be dismissed.

New Orleans, Louisiana, this 6th day of March, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE