UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE LEE | CIVIL ACTION |
| VERSUS | No. 18-2887 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 57)** filed by Defendants Stacy C. Wheat; Fred J. Daigle; and Graham, Arceneaux & Allen, LLC ("GAA") (collectively, the "GAA Defendants"). Plaintiff Jessie Lee filed an opposition to the motion.[1] Considering the motions, the memoranda, the record, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, claims in his complaint his home was illegally foreclosed upon in a sham foreclosure proceeding in the Civil District Court for the Parish of Orleans.[2] Lee argues the foreclosure was fraudulent because the wrong party foreclosed on him and because Louisiana's executory process is unconstitutional. A brief review of the foreclosure proceeding that took place before the state court is necessary to understand Lee's claims.

As trustee for Long Beach Mortgage Loan Trust 2005-WL1, Deutsche Bank National Trust Company ("Deutsche Bank") filed suit against Lee for executory

---
[1] (Rec. Doc. 67).
[2] (Rec. Doc. 47).

1

process on December 22, 2014, to foreclose upon a debt Lee incurred on March 24, 2005; the debt was evinced by a promissory note and secured by a mortgage on real property located at 904 N. Rendon Street, New Orleans, Louisiana (the "Property").[3] Barry Grodsky acted as Deutsche Bank's counsel in the foreclosure proceeding. Deutsche Bank filed the mortgage and promissory note with its petition for executory process. The state court determined these documents were authentic and included a confession of judgment clause; accordingly, the court issued an order authorizing executory process on December 29, 2014.[4] On January 22, 2015, Lee filed an emergency motion to vacate the writ for executory process and cancel the sale.[5] The state court held a hearing on Lee's motion on May 20, 2016, and denied the requested injunction the same day,[6] and then, upon prompting by Lee, supplied reasons for its judgment.[7]

In his motion to vacate, Lee did not claim he had not defaulted on his debt. He argued instead that the letter giving him notice of an intent to foreclose listed the "client" as JP Morgan Chase Bank, N.A. and not Deutsche Bank.[8] The state court found this difference to be inconsequential. First, the court noted that the requirements for executory process set out by the Louisiana Code of Civil Procedure had been met: "Deutsche Bank's Petition attaches all necessary authentic evidence to invoke executory process, namely, the note and the mortgage containing a

---

[3] (Rec. Doc. 57-2, at 2).
[4] *Id.*
[5] *Id.*
[6] (Rec. Doc. 57-3, at 2).
[7] (Rec. Doc. 57-2).
[8] *Id.* at 3.

2

confession of judgment clause."[9] *See* LA. CODE CIV. PROC. ANN. art. 2635. Second, the court found the note was endorsed in blank and concluded that the "note could have been enforced by any entity in possession."[10] *See* LA. STAT. ANN. § 10:3-202(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). The state court denied Lee's request for an injunction[11] and allowed the sheriff's sale to go forward on January 25, 2018. BMRC Properties, LLC ("BMRC") purchased the Property.

After losing in the foreclosure proceeding, Lee filed suit in this Court. The primary basis for Lee's federal suit is Lee's continuing belief that the foreclosure and sale of his home were contrary to law and are therefore null.[12] In his amended complaint, Lee asserts claims against almost everyone who had a role in the foreclosure: Deutsche Bank; JP Morgan Chase Bank, N.A.; Lakesha Sellers, a vice president at JP Morgan Chase Bank; Todd Sylvester, a notary who Lee alleges fraudulently attested that Sellers is a vice president at JP Morgan Chase Bank; Barry Grodsky and his wife; BMRC and its principal, Brian Mahon; the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank ("FDIC-Receiver"); GAA and two GAA attorneys, Stacy C. Wheat and Fred J. Daigle; and the Orleans Parish Sheriff's Office. Lee alleges that the documents detailing the assignments of his mortgage from one entity to another are fraudulent, that the fraud was perpetuated by GAA's attorneys, and that the filing of these counterfeit documents

---

[9] *Id.*
[10] *Id.*
[11] (Rec. Doc. 57-3, at 2).
[12] (Rec. Doc. 47, at 18-19).

3

"aided and abetted in the foreclosure and illegal eviction of Jessie Lee."[13] As to the law firm itself, "Defendant [GAA] is believed by this Plaintiff, to be a Foreclosure Mill."[14] Lee's contention against Sheriff Gusman[15] is that the Sheriff's deputies evicted him "with fake paperwork, pretending to have court authority."[16] Lee also generally alleges that Louisiana's executory process procedure violates the Due Process Clause and the Takings Clause because it does not require a petitioner to "show proof of Authentication" and because it allows for a confession of judgment.[17] The GAA Defendants then filed the instant motion to dismiss.

## PARTIES' ARGUMENTS

The GAA Defendants first allege that this Court lacks subject matter jurisdiction because although Lee cites to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 as the basis for jurisdiction in his complaint, he does not allege the GAA Defendants have acted under color of state law. Second, they assert that the attempt to have this Court find Louisiana's executory process unconstitutional is frivolous. Third, the GAA Defendants argue that Lee has failed to state a claim which would entitle him to relief. Fourth, they argue that Lee's complaint is an improper collateral attack precluded by the *Rooker-Feldman* doctrine.

---

[13] (Rec. Doc. 47, at 14).
[14] (Rec. Doc. 47, at 11).
[15] Lee improperly named the Orleans Parish Sheriff's Office—which lacks the capacity to be sued—as a defendant, but "Plaintiff's failure to specifically name the sheriff as a defendant in this suit does not bar recovery against the sheriff in his official capacity." *Riley v. Evangeline Par. Sheriff's Off.*, 637 So. 2d 395, 395 (La. 1994) (per curiam) (*citing Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669 (La. 1981)) ("Clearly all parties understood that plaintiff's suit against the 'Sheriff's Office' raised claims against the sheriff in his official capacity."). The Court treats Plaintiff's claim against the Orleans Parish Sheriff's Office as one against Sheriff Marlin N. Gusman of the Parish of Orleans in his official capacity. *See Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999).
[16] (Rec. Doc. 47, at 9).
[17] (Rec. Doc. 47, at 16).

4

Lee argues this Court has jurisdiction because he has alleged that he was deprived of his property by use of state foreclosure procedures in violation of the Fourteenth Amendment. Lee contends his claims are not frivolous because he "has provided evidence that proves Deutsche Bank as Trustee did not file a foreclosure on Plaintiff's property" and Louisiana's executory process is unconstitutional because it does not prevent "the illegal creation and filing of fraudulent documents used to foreclose upon citizens of the state of Louisiana."[18] Lee argues his claims are not precluded by the *Rooker-Feldman* doctrine because his constitutional claims did not arise until his rights were violated as a part of the allegedly corrupted foreclosure proceeding.

## **STANDARD OF LAW**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Where a federal court rules in a matter over which it does not have jurisdiction, its decisions, opinions and orders are without effect." *In re Majestic Energy Corp.*, 835 F.2d 87, 89 (5th Cir. 1988). Accordingly, the Court must first consider whether it is endowed with subject matter jurisdiction before considering other bases for dismissal.

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to

---

[18] (Rec. Doc. 67, at 8-9).

hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citation omitted). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *see also* 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3522 (3d ed. 2008). If the Court determines it has jurisdiction to hear the plaintiff's claims, it may consider other grounds for dismissal urged by a defendant.

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The complaint "must provide the defendant with 'fair notice of what the claim is and the grounds upon which it rests.'" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to

"draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor*, 296 F.3d at 378 (citation omitted).

## DISCUSSION

### I.

In his amended complaint, Lee suggests this Court has federal question jurisdiction under 28 U.S.C. § 1331 over his § 1983 claim and supplemental jurisdiction over a host of state law claims under 28 U.S.C. § 1337. There is no diversity jurisdiction in this case. The basis for Lee's § 1983 claim is an allegation that the defendants violated his due process rights under the Fourteenth Amendment.[19] However, "[s]ection 1983 does not reach all constitutional injuries, but only those caused by persons acting 'under color of state law.'" *Earnest v. Lowentritt*, 690 F.2d 1198, 1200 (5th Cir. 1982) (citations omitted).[20] As they point

---

[19] There is federal question jurisdiction pursuant to 28 U.S.C. § 1331 "when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).

[20] In this way § 1983 tracks with the Fourteenth Amendment, which "'prohibits the state from depriving any person of life, liberty, or property, without due process of law'" while adding "'nothing to the rights of one citizen as against another.'" *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169 (5th Cir. 1975) (quoting *United States v. Cruikshank*, 92 U.S. 542, 542-43 (1875)). In other words, the Fourteenth Amendment is concerned only with state action and "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948).

out in opposition, the GAA Defendants are private actors. A private actor may be liable under § 1983 "if the individual is a 'willful participant in joint action with the State or its agents.'" *Id.* (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). There is "joint participation" with the state if the private actor "obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 931, 937 (1982). The Supreme Court has recognized that an individual had received significant aid from the state in depriving an individual of property where the state had "created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute." *Id.* at 942.

Lee's home was foreclosed upon pursuant to Louisiana's statutory system of executory process, a type of non-judicial foreclosure, specifically, "an action [i]n rem by the holder of a mortgage or privilege evidenced by an authentic act importing a confession of judgment to effect the seizure and sale of the encumbered property." *Buckner v. Carmack*, 272 So. 2d 326, 329 (La. 1973).[21] Unlike some other systems of seizure, courts do not consider the state to be a "willful" or "joint" participant with the private actor merely because the private actor resorts to non-judicial foreclosure.

---

[21] "In Louisiana, executory process is used to enforce a mortgage containing a confession of judgment, without previous citation and judgment, by act of seizure and judicial sale of the mortgaged property. A creditor institutes the action by filing a petition along with the note or other instrument evidencing the obligation, the authentic act of mortgage importing a confession of judgment, and any other documents necessary to prove the right to use executory process. All the documents used in support of the petition are to be in authentic form, with exceptions allowed only as specifically provided by law. If the reviewing court determines that the creditor is entitled to foreclosure via executory process, an order is issued directing the Sheriff to seize and sell the mortgaged property." *Landry ex rel. Landry v. BAC Home Loans Servicing, L.P.*, No. 12-1046, 2013 WL 1767958, at *3 (E.D. La. Mar. 4, 2013) (citing LA. CODE CIV. PRO. ANN. arts. 2631, 2634, 2635, 2639); *see generally* Michael H. Rubin and E. Keith Carter, *Notice of Seizure in Mortgage Foreclosures and Tax Sale Proceedings: The Ramifications of Mennonite,* 48 LA. L. REV. 535 (1988).

8

*See Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169-70 (5th Cir. 1975) (collecting cases). Consistent with this judicial trend, in *Earnest*, the Fifth Circuit recognized that Louisiana's system for executory process is not "pre-adjudicative seizure" if "the execution order permitting the sheriff to sell the [debtor's] property was obtained only after notice to the debtor and the opportunity to be heard concerning the merits of the seizure" was given. 690 F.2d at 1201.

This case is indistinguishable from *Earnest*. Just as the plaintiffs did in that case, Lee filed suit in federal court claiming the foreclosure on his property by executory process was defective because the party that foreclosed did not provide sufficient proof of ownership of the notes evidencing his debt.[22] *See id.* at 1200. And as in *Earnest*, Lee's complaint fails to allege "that he was denied the opportunity to contest the seizure and sale of his property." *Id.* at 1202. To the contrary, Lee acknowledges that he appeared at the foreclosure proceeding[23] and that "[n]o less than three different state court Judges" found the note and mortgage presented at the foreclosure proceeding to be authentic and sufficient for executory process.[24] Accordingly, for the reasons stated in *Earnest*, the foreclosure proceeding described by Lee is not the type of pre-adjudicative seizure that should be considered to involve "joint participation" from the state.[25] Thus, the "foreclosure on the mortgage given

---

[22] (Rec. Doc. 47, at 7-8, 15).
[23] (Rec. Doc. 47, at 11).
[24] *Id.* at 16. The state court judgment denying Lee's request for an injunction also noted that Lee received notice of an intent to foreclose. (Rec. Doc. 57-2, at 3).
[25] Nor does Lee allege that the GAA defendants were in illegal conspiracy with any state actor—an allegation he does make against BMRC and Brian Mahon, defendants already dismissed from this action. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980). For an allegation of conspiracy to amount to an allegation that that there was joint participation between the private and state actors, the claimant must allege "1) an agreement between the private and public defendants to commit an illegal act, and

9

. . . by [Lee] was a purely private dispute, immune from the coverage of § 1983 lacking a showing of further state involvement." *Id.* at 1202. The Court concludes that the GAA Defendants did not act "under color of state law" and Lee's § 1983 claim against them should be dismissed.[26]

## II.

Lee's remaining state law claims against the GAA Defendants are brought pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over state law claims if the state law claims "substantially predominate" over the federal claims, or the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(2)–(3). Given that the only federal claim against the GAA Defendants has been dismissed well in advance of trial, the Court concludes that the remaining state law claims against the GAA Defendants should be dismissed as well. *See, e.g.*, *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

## III.

Having dismissed the GAA Defendants from this case, the remaining defendants[27] are: (1) Deutsche Bank; (2) Barry Grodsky and Cheri Cotogno Grodsky;

---

2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

[26] Additionally, to the extent Lee is challenging the merits of the foreclosure, this Court lacks jurisdiction to entertain a collateral attack of the state court's judgment. *See Pease v. First Nat. Bank*, 335 F. App'x 412, 415 (5th Cir. 2009) (unpublished). When the state court proceedings became final, by application of the *Rooker-Feldman* doctrine, this Court was barred from considering federal claims "inextricably intertwined" with the state court judgment. *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (internal quotation marks and citation omitted). To the extent Lee would ask the Court to act as an appellate court, the Court lacks jurisdiction to do so. *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

[27] The Court previously dismissed Defendants FDIC-Receiver (Rec. Doc. 68), BMRC, Brian Mahon, and JP Morgan Chase Bank, N.A. (Rec. Doc. 79).

(3) Lakesha M. Sellers; (4) Todd C. Sylvester; and (5) Sheriff Marlin N. Gusman.[28] The Court concludes the claims against these defendants warrant dismissal as well.[29] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (recognizing authority of district court to *sua sponte* dismiss a complaint for failure to state a claim).

As to Deutsche Bank, the Grodskys, Sellers, and Sylvester, Lee's § 1983 claim against them fails for the same reason that it fails against the GAA Defendants: these defendants are not state actors. *See Earnest*, 690 F.2d at 1201-02. Nor does Lee sufficiently allege a conspiracy between any of these defendants and a state actor. While he contends that Sellers signed fraudulent documents assigning his mortgage, Sylvester fraudulently notarized these documents, and Mr. Grodsky filed these documents in state court on behalf of Deutsche Bank, Lee fails to plausibly allege an agreement between any of these defendants and a state actor. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Sheriff Gusman, on the other hand, is undoubtedly a state actor. Nevertheless, Lee's § 1983 claim against him fails because Lee fails to plausibly allege any wrongdoing by Gusman. Lee alleges that Gusman "sent 3 men with guns to [Lee's] house, with fake paperwork, pretending to have court authority."[30] However, a state court has already determined that the documents met the requirements for executory process and that Deutsche Bank was entitled to foreclose on Lee's mortgage long

---

[28] *See supra* note 17.
[29] All of the remaining defendants (except for Sellers, who has not filed an answer) raise failure to state a claim as a defense in their respective answers. (Rec. Docs. 39, 40, 64, 81).
[30] (Rec. Doc. 47, at 9).

before Lee was evicted.[31] *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). Additionally, Lee has not alleged any defects in the eviction proceeding apart from his claimed defects in the foreclosure proceeding.

Lee also alleges that Sheriff Gusman "receiv[ed] Millions of Dollars from Defendants BMRC Property LLC and BRIAN MAHON," including an alleged $12,000 payment to evict Lee, as part of some sort of civil conspiracy but fails to allege any other facts supporting the existence of such a conspiracy.[32] Not only are these allegations wholly speculative and conclusory, but the Court need not lend credence to "factual contentions [that] are clearly baseless" or "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

To the extent Lee attempts to state a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), the Court finds that he lacks standing to do so, as he was not a "bona fide" tenant – he was the mortgagor.[33] *Martinez-Bey v. Bank of Am., N.A.*, No. 3:12-CV-4986-G(BH), 2013 WL 3054000, at *4 (N.D. Tex. June 18, 2013) ("The PTFA defines 'bona fide lease or tenancy,' in relevant part, as one where 'the tenant is not the mortgagor or the mortgagor's spouse, parent, or child." (citation omitted)).

---

[31] (Rec. Doc. 57-2, at 3-4).
[32] (Rec. Doc. 47, at 9).
[33] Further, the PTFA was not in effect at the time Lee claims it was violated. *See* BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, CA18-4: RESTORATION OF THE PROTECTING TENANTS AT FORECLOSURE ACT (2018), *available at* https://www.federalreserve.gov/supervisionreg/caletters/caltr1804.htm (noting that the PTFA expired on December 31, 2014, and was restored effective June 23, 2018).

Finally, to the extent Lee raises a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641,[34] the Court finds that any such claim is time barred. Claims under TILA must be brought within one year from the date of the occurrence of the alleged violation. 15 U.S.C. § 1640(e). Lee complains that he did not receive notice of the assignment of his mortgage that occurred on July 22, 2014, within thirty days, as required by § 1641(g).[35] His claim accrued on August 21, 2014, and Lee was required to bring his claim in court by August 21, 2015. Because Lee did not file this lawsuit until March 19, 2018, his TILA claim is time barred. *See Benitez v. Am.'s Wholesale Lender*, No. H-14-953, 2014 WL 3388650, at *2 (S.D. Tex. July 9, 2014) (dismissing TILA claim that was not filed within one year of the date of the alleged violation).

Having determined that Lee has failed to state a claim under federal law against the remaining defendants, the Court finds that his remaining state law claims should also be dismissed. *See Moore*, 233 F.3d at 876.

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Dismiss* **(Rec. Doc. 57)** is **GRANTED**, and Plaintiff's § 1983 claim against the GAA Defendants is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983, PTFA, and TILA claims against all other defendants in this matter are **DISMISSED WITH PREJUDICE**,

---

[34] In his complaint, Lee calls this the "Consumer Credit Protection Act," but the section of the U.S. Code he cites to and discusses is, in fact, TILA.

[35] (Rec. Doc. 47, at 30).

and that all state law claims in this matter are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Entry of Default* **(Rec. Doc. 72)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 25th day of July, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE